Elizabeth CAMPOS, Plaintiff—Appellant,

v.

**RESOURCES FOR COMMUNITY DEVELOPMENT; et al.,**
Defendants—Appellees.

No. 04–15725.

United States Court of Appeals,
Ninth Circuit.

Submitted May 9, 2005.*

Decided May 13, 2005.

Elizabeth Campos, El Cerrito, CA, pro se.

Carol L. Healey, Esq., Bishop Barry Howe Haney & Ryder, Emeryville, CA, Peter H. Kirwan, Esq., Needham, Davis, Kirwan & Young, San Jose, CA, for Defendants–Appellees.

Before: PREGERSON, CANBY, and THOMAS, Circuit Judges.

MEMORANDUM **

Elizabeth Campos appeals pro se the district court's judgment following a bench trial in her civil rights action alleging discrimination on the basis of her disabilities in violation of the Fair Housing Amendments Act ("FHAA"), 42 U.S.C. § 3601 *et seq.*, and various California statutes. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review the district court's

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

findings of fact for clear error, and its conclusions of law de novo. *Lentini v. California Center for the Arts, Escondido*, 370 F.3d 837, 843 (9th Cir.2004). We review for abuse of discretion the district court's evidentiary rulings. *See Janes v. Wal-Mart Stores, Inc.*, 279 F.3d 883, 886 (9th Cir.2002). We affirm.

The district court did not err in concluding that Campos failed to demonstrate that the defendants had unduly delayed in providing reasonable accommodations of her disabilities, or that the other accommodations she requested were reasonable. *See Giebeler v. M & B Assocs.*, 343 F.3d 1143, 1157 (9th Cir.2003) (holding that an accommodation is reasonable under the FHAA if it imposes no fundamental alteration in the nature of the program or undue financial or administrative burdens).

The district court did not abuse its discretion in excluding both parties' expert witnesses. *See Rogers v. Raymark Indus., Inc.*, 922 F.2d 1426, 1429 (9th Cir. 1991) (holding that reviewing court will uphold district court's decisions concerning admission of expert testimony unless "manifestly erroneous"). Furthermore, the record does not support Campos' claim that the district court's conduct of the case evidenced bias. *See Corey v. Loui (In re Corey)*, 892 F.2d 829, 838–39 (9th Cir. 1989).

Campos' remaining contentions lack merit.

AFFIRMED.